[Cite as *Gademer v. Stanaszek* , 2012-Ohio-4609.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   98373

# AMANDA GADEMER

PLAINTIFF-APPELLEE

vs.

# JONAS STANASZEK

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU-08731800

**BEFORE:** E. Gallagher, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEY FOR APPELLANT**

Rae E. Griffin
David D. Briller Co., L.P.A.
7379 Pearl Road
Middleburg Hts., Ohio   44130


**FOR APPELLEE**

Amanda Gademer, pro se
4880 James Road
North Ridgeville, Ohio   44039


**ATTORNEYS FOR CHILD SUPPORT
ENFORCEMENT AGENCY**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Joseph C. Young
Assistant County Prosecutor
C.S.E.A.
P.O. Box 93894
Cleveland, Ohio    44101-5984
EILEEN A. GALLAGHER, J.:

{¶1}   In this appeal assigned to the accelerated calendar pursuant to App.R.11.1 and Loc.App.R. 11.1, Jonas Stanaszek appeals from the Cuyahoga County Court of Common Pleas, Juvenile Division's calculation of child support.   Finding merit to the instant appeal, we reverse the decision of the trial court, and remand the matter for a hearing pursuant to R.C. 3119.63.

{¶2}   On February 29, 2012, the Child Support Enforcement Agency conducted an administrative hearing in regard to a modification of Stanaszek's child support

obligation for the minor child he shares with Amanda Gademer. On March 9, 2012, CSEA issued findings and recommendations to modify Stanaszek's child support from $215.86 each month to $587.78. On page four of its decision, CSEA stated:

> The Obligee or Obligor may request a Judicial (Court) review, pursuant to § 3119.63 of the Ohio Revised Code, by filing a Motion with Juvenile Court within fifteen (15) days after the issuance of these findings and recommendations.

**{¶3}** Stanaszek filed a request for a court hearing on March 22, 2012. Within his motion, Stanaszek raised jurisdictional issues as well as factual issues relating to the calculation of the support obligation. The court set a hearing in response to Stanaszek's motion for October 31, 2012, at 9:00 a.m. Nonetheless, on April 17, 2012, the court journalized an entry ordering into effect the CSEA-issued findings and recommendations after concluding "that a request for a court hearing has not been made pursuant to law." Stanaszek appealed, raising the following two assignments of error:

### Assignment of Error One

The trial court erred in issuing a judgment entry indicating that no request for a court hearing was made pursuant to law, given that the docket shows that appellant filed his request in the appropriate time.

### Assignment of Error Two

The court erred in enacting an administrative determination of child support which is inacurate and which fails to comply with the Ohio Revised Code and Administrative Rule.

**{¶4}** In his first assignment of error, Stanaszek argues the trial court erred when

it concluded that no request for a court hearing was made.  We agree.

{¶5}  The record on appeal reflects that on March 22, 2012, Stanaszek, through counsel, filed a pleading that included a "Request for Court Hearing on Objections to Administrative Recommendations for Support Modification, a Motion to Dismiss Recommendations, and a Motion to Correct Recommendations."  All parties were served with this motion and the trial court set a hearing for October 31. Notwithstanding the pending date, the trial court adopted the CSEA findings.

{¶6}  This entry appears to have been issued in error, because Stanaszek's motion was unquestionably filed within the 15-day allowable timeframe.  *See* R.C. 3119.63.  Thus, the trial court's April 17, 2012 entry is reversed.

{¶7}  Stanaszek's first assignment of error is sustained.

{¶8}  Our analysis of Stanaszek's first assignment of error renders his remaining assignment of error moot.

{¶9}  The judgment of the trial court is reversed and the cause is remanded to the lower court for a hearing pursuant to R.C. 3119.63.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR